IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| EMMANUEL MALDANADO, | : | 1:07-cv-98 |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SCOTT DONALD GEESEY, | : | |
| Defendant. | : | |

## MEMORANDUM

## September 22, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On February 9, 2009, Magistrate Judge Cannon directed that the Clerk enter default in favor of the Plaintiff and against the Defendant. On February 2, 2011, this matter was reassigned to the undersigned, sitting by designation in this District. On February 8, 2011, we conducted a hearing in this matter. Plaintiff's counsel appeared and informed the Court that the Plaintiff was on active military duty and therefore could not appear in person for the hearing in St. Croix.[1] The hearing was adjourned.

Thereafter, on April 4, 2011, we issued an Order (Doc. 35) requiring the

---

[1] Counsel also informed the Court that Plaintiff's treating physician was also unavaialbe for the hearing.

Plaintiff to submit documentation to the Court in support of his request damages in this matter.  Following several extensions of time, the Plaintiff has made several submissions in support of his request for damages.  (Docs. 37 and 42).  The Court has reviewed these submissions, which we shall summarize herein for the purposes of completeness.

I.      DISCUSSION

On May 24, 2007, while participating in a training routine with his cycling team, Plaintiff Emmanuel Maldanado ("Plaintiff") was struck by a vehicle driven by the Defendant, Scott Donald Geesey ("Defendant").  The Defendant was driving on the wrong side of the road and struck the Plaintiff, whereupon Plaintiff flew into the air about twenty feet.  His bicycle was shattered[2] and pieces of hit punctured his leg.  He was bleeding from his head upon impact.

Plaintiff's friends transported him to the emergency room of the San Luis Hospital, where he underwent a brain scan and multiple x-rays.  Plaintiff was put into a neck brace and was also given braces for his ankles and hands.  He received a bill from the hospital for these services in the amount of $1,865.76.

Plaintiff then received follow up treatment from Dr. Marlon Williams of the

---

[2] Plaintiff, an accomplished bicycler, was riding a Trek 1000 bicycle.  The repair cost to the bicycle was $2,200.  (Doc. 37, Ex. 1, p. 2)

Williams Chiropractic Clinic. Dr. Williams testified that he first saw the Plaintiff on June 7, 2007 and diagnosed him with cervical spine segmental dysfunction and cervical spine sprain/strain. (Doc. 42, Ex. 2, pp. 8-9). Dr. Williams treated Plaintiff with heat application therapy, hot packs, electrical muscle stimulation and chiropractic manipulation to the cervical spine to help alleviate the segmental dysfunction. (Doc. 42, Ex. 2, p. 9). Plaintiff was treated until September 21, 2007 and was seen by Dr. Williams a total of nine times. Dr. Williams testified that, by his last session, Plaintiff's condition had "progressively improved" but he was "not totally out of the woods." (Doc. 42, Ex. 2, p. 10). The total amount of Plaintiff's bill from Williams Chiropractic Clinic was $1,117.00.

Plaintiff testified that his activity level was extremely limited following the accident. While his pain level has decreased over the years, he continues to suffer pain in his neck, shoulder, lower back and ankles. Plaintiff indicates that while serving his military duty he "put[s] up with the pain" or risk being "kicked out" of the military. (Doc. 37, Ex. 1, p. 4).

Based on the foregoing testimony of the Plaintiff and Dr. Williams, we find that Plaintiff has established compensatory damages for medical bills and expenses and property damages in the total amount of $5,182.76. After a consideration of the Plaintiff's testimony, we shall also award him $20,000 in damages for personal

injuries and pain and suffering. Thus, the total amount awarded to Plaintiff shall be $25,182.76. An appropriate Judgment Order shall issue.